UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:                                                              Chapter 7
                                                                    Case No. 06-35218-CGM
    FRANK LAMBERTI,

                                  Debtor.
-----------------------------------------------------------------x

## ORDER AND MEMORANDUM DECISION ON ROK-BUILT CONSTRUCTION INC.'S MOTION FOR RECONSIDERATION

    Debtor Frank Lamberti (the "Debtor") filed the instant Chapter 7 case on May 22, 2006. On May 19, 2006, Rok-Built Construction (the "Creditor") filed a Motion for Relief from Stay to Proceed with Certain State Court Litigation and to Enlarge Rok-Built Construction, Inc.'s Time to Object to the Dischargeability of Rok-Built Construction, Inc.'s Claims Against Debtor, with a return date of June 13, 2006, *see* ECF Docket No. 11 (the "Stay Relief and Extension Motion"). The last date to object to Debtor's discharge was June 26, 2006. At the June 13, 2006 hearing date, counsel for Creditor was informed that his motion was procedurally deficient, in that it did not include a memorandum of law as required by the Southern District Bankruptcy Court's local rules, no affidavit from a party with knowledge of the operative facts was provided to the Court, no affidavit of service was filed with the Court, and no default affidavit pursuant to the Service Members Civil Relief Act was provided. The Court adjourned the Stay Relief and Extension Motion to July 11, 2006 to allow the Creditor an opportunity to correct the multiple problems with the filed motion.

    On July 7, 2006, Debtor's counsel objected to the Lift Stay and Extension Motion, *see* ECF Docket No. 23, arguing that Debtor was not properly served prior to the deadline for filing complaints, and therefore the request was untimely. According to Debtor, the time limit to file complaints is strictly construed, and the Court had a limited ability to extend the deadline. Additionally, Debtor's counsel argued that creditor had failed to establish that cause exists to extend the deadline, which also required a denial of the extension. Counsel for Creditor did not file a response or reply to Debtor's opposition.

    Although a perfunctory attempt to correct the Lift Stay and Extension Motion's many defects was made, as of the July 11, 2006 adjourned motion date, the Lift Stay and Extension Motion was not served on the Debtor personally. Instead, Debtor's counsel was served by virtue of an electronic transmission issued by this Court's Electronic Case Filing system. When asked by the Court why the Debtor was not served with the motion personally, Michael Hogan, counsel appearing before the Court, stuttered that he did not know why the motion had not been served in this manner, but never made the argument that service as made was proper or that service upon Debtor was not required. Counsel in fact stated that he had not reviewed the file prior to attending the July 11, 2006 hearing, and was patently unprepared to proceed with the Lift Stay and Extension Motion. The

1

Court therefore denied the Creditor's Lift Stay and Extension Motion because counsel did not respond to the Court's inquiries and it had not been properly served upon the Debtor.

It was not until the instant Motion for Reconsideration was filed, *see* ECF Docket No. 26 that the argument was made by the Creditor, for the first time, that service of the Lift Stay and Extension Motion was properly made, because, *inter alia,* the portion of the motion which requests that the Court extend Creditor's time to object to the dischargeability of Debtor's obligation to Creditor is not a contested matter, and thus service by virtue of Fed. R. Bankr. P. 7005 was appropriate.

First, the Court notes that Creditor combined two motions in the single document entitled Motion for Relief from Stay to Proceed with Certain State Court Litigation and to Enlarge Rok-Built Construction, Inc.'s Time to Object to the Dischargeability of Rok-Built Construction, Inc.'s Claims Against Debtor. A request for relief from the automatic stay is unquestionably a contested matter, *see* Fed. R. Bankr. P. 4001, which provides that Fed. R. Bankr. P. 9014 applies to motions for relief from the automatic stay. Rule 9014(b) requires that these motions be served pursuant to Rule 7004, which requires service upon the debtor personally. Accordingly, the Lift Stay Motion was improperly served. The question remains whether the Extension Motion, which was combined in the same document as the Lift Stay Motion, was properly served by virtue of an electronic transmission from the Electronic Case Filing system. The Court is of the opinion that when the movant chooses to combine two motions that require different methods of service, the motion must be served in accordance with the more rigorous service requirement. The Court need not reach this issue, however, because the Creditor never argued that service via electronic mail was appropriate prior to the Court's decision, and thus, is foreclosed from so doing by virtue of a motion to reconsider.

Motions for reconsideration are disfavored, because "[c]omplete disposition of discrete issues and claims is often essential to effective case management. If a court is forced to revisit earlier interlocutory rulings, much of the advantage in making the early rulings would be lost." *In re Best Payphones, Inc.*, 2003 WL 1089525 at *1 (Bankr. S.D.N.Y. Mar. 10, 2003) (citations omitted). "A party who fails to present their strongest case in the first instance generally has no right to raise new theories or arguments in a motion to reconsider." *See In re Contempri Homes, Inc.*, 281 B.R. 557, 559 (Bankr. E.D. Pa. 2002); *see also In re Bushman*, 311 B.R. 91, 96 (Bankr. D. Utah 2004) (reargument not permitted to merely advance new arguments or supporting facts **which were available** for presentation at the time of the original argument; a defendant's failure to present its strongest case in the initial briefing does not entitle it to a second chance). "The rule permitting reargument must be narrowly construed to avoid repetitive arguments on issues that the court has already fully considered." *See Best Payphones, supra*, at *2; *see also Certain Underwriters at Lloyd's, London v. ABB Lummus Global, Inc.*, 2004 WL 1286806 *3 (S.D.N.Y. Jun. 10, 2004) (hereinafter, *ABB Lummus Global)*; *Fezzani, supra,* at *1; *Houbigant, Inc. v. ACB Mercantile (In re Houbigant, Inc.)*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice." *See Best Payphones, supra*, at *2. "The moving party is required to demonstrate that the Court overlooked the **controlling** decisions or factual matters **that were put before the Court**

2

**in the underlying motions**." *See ABB Lummus Global, supra*, at *3 (emphasis supplied).

Although Debtor's counsel filed opposition to the Lift Stay and Extension Motion on July 7, 2006, arguing that the service on Debtor was deficient, counsel for Creditor never filed a written reply to the Debtor's opposition and never argued at oral argument during the hearing held July 11, 2006 that personal service on the Debtor was not necessary. The Court will not now reconsider its order based upon a single case cited by the Creditor for the first time in the motion to reargue, *See In re Cirkinyan*, 192 B.R. 643 (D. N.J. 1996), which is not binding authority on this Court and which was *not put before this Court* in response to Debtor's objection, either during oral argument at the July 11, 2006 hearing or in formal reply papers filed with the Court.

For the foregoing reasons, the Creditor's Motion to Reconsider is DENIED.

It is hereby, ORDERED, that Creditor serve all future submissions, motions, documents, letters, etc. upon both Debtor and Debtor's counsel via regular mail.


Dated: Poughkeepsie, New York
      August 16, 2006

      /s/ CECELIA G. MORRIS
Cecelia G. Morris, U.S.B.J.